UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

PROPERTY, 3714 CANCUN LOOP,
WEBB COUNTY, LAREDO, TEXAS,
WITH ALL APPURTENANCES AND
IMPROVEMENTS THEREON,
            *Defendant,*

v.

JOSE ANTONIO LOZANO,
            *Claimant-Appellant,*

and

HILL TOP FARM, LIMITED,
            *Claimant.*

No. 00-1710

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-98-11-1)

Submitted: October 24, 2000

Decided: December 29, 2000

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Jose Antonio Lozano, Appellant Pro Se. Lynne P. Klauer, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Antonio Lozano appeals from the district court's orders striking his claim in this forfeiture action for failure to respond to discovery requests, entering default against him, and entering a judgment of forfeiture. Because, on this record, we are not convinced that that the district court was within its discretion when it granted the Government's motion to strike Lozano's claim, we vacate the default and the judgment of forfeiture and remand for further consideration of the Government's motion to strike.

The Government filed a civil forfeiture action against a parcel of real property, alleging that either the property was used or was intended to be used to facilitate drug offenses or was purchased with drug proceeds. Lozano, a federal prisoner incarcerated on drug charges proceeding pro se, filed a claim to the property, alleging that he had purchased the property with legal funds and that the Government had promised during his plea negotiations not to seek forfeiture of his home if he provided substantial assistance.

On June 8, 1999, the district court granted the Government's motion to compel Lozano to respond to discovery, extending the time for response until July 25, 1999, and informing Lozano that a failure to comply could result in dismissal of his claim. On July 20, Lozano filed a reply stating that he was trying to comply with discovery but

asserting that it was difficult to gather the information and documents from prison. Nonetheless, Lozano attached affidavits, identification documents, tax information, releases, and other documents. On August 11, 1999, the Government filed a motion to strike Lozano's claim, contending that the documents filed by Lozano were responsive to interrogatory 1, but that discovery was still incomplete. The Government did not file a copy of its discovery requests, nor did it outline specifically which documents and responses were missing.

On August 30, Lozano filed a response outlining his frequent moves within the prison system and his diligent attempts to comply with discovery. Lozano also attached additional documents and affidavits. On February 8, 2000, the district court granted the Government's motion to strike Lozano's claim. On February 15, the district court entered default against Lozano. On March 6, Lozano filed a copy of the Government's request for documents annotated with descriptions of documents and the dates he allegedly mailed responses to each request. Finally, Lozano attached more documents, including bank statements and more affidavits. On March 15, the district court entered a final decree and judgment of forfeiture against the property.

The district court may dismiss an action if a party fails to timely answer or object to discovery requests. *See* Fed. R. Civ. P. 37(d). The dismissal of an action as a sanction for discovery violations is reviewed for abuse of discretion. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976). However, the sanction of dismissal is reserved for flagrant cases of bad faith and callous disregard for the district court's authority. *See Hillig v. Commissioner*, 916 F.2d 171, 174-75 (4th Cir. 1990).

This court applies a four part test to determine the propriety of dismissal: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice to the other party; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of a less drastic sanction. *See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc.*, 872 F.2d 88, 92 (4th Cir. 1989). On this record, we cannot determine whether the district court abused its discretion in striking Lozano's claim and entering a default judgment. *See Hathcock v.*

*Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (range of discretion is narrower when court sanctions by imposing default).

First, the current record does not support a finding of bad faith. The Government argues, and the district court adopted this reasoning as its own, that Lozano's bad faith is established by his failure to comply with the court order issued June 8, 1999, ordering discovery response by July 25. However, on July 20, Lozano timely submitted many documents purporting to be responsive to the Government's requests. He also outlined the difficulty in fully complying while in prison and attached documents showing that even before the June 8 order, he had been contacting people in attempts to gather all the documents. Moreover, the Government did not file a copy of its discovery requests nor did it analyze which documents or responses it was missing. Further, when the district court granted the motion to strike, we cannot determine whether the discovery requests were part of the record, so that the district court could properly analyze this factor. Although Lozano later filed the Government's document requests, the Government's interrogatories are still not part of the record if they were included in a separate document.

Lozano appears to have attempted to comply with the court's order, and because the record is incomplete, we are unable to determine what discovery is still outstanding, if any. While the district court's finding of bad faith might be supported by a further analysis of the requests versus the responses, neither the current record nor the district court's brief order adequately enables us to review the finding that Lozano willfully and flagrantly failed to comply with a court order. While Lozano's conduct was likely partially deficient, the record does not demonstrate a "pattern of indifference and disrespect to the authority of the court" which this court has previously held to warrant the outright dismissal of a case. *See Mutual Fed. Sav.*, 872 F.2d at 93; *see also Wilson v. Volkswagen of Am.*, 561 F.2d 494, 499-510 (4th Cir. 1977) (evidence that party did not completely respond to two orders compelling discovery insufficient to establish pattern of misconduct warranting dismissal).

Second, the Government contends that it was prejudiced by the fact that Lozano withheld material information. However, the Government did not specify which documents or responses they were missing. In

the absence of a more particularized showing, the Government failed to show that it was so prejudiced as to require an outright dismissal of Lozano's claim.

Third, the Government asserted that failure to dismiss Lozano's claim would send the message that courts may be "pushed, ignored, and defied to the outermost limits." However, the record before us does not demonstrate that this is a case where a party has intentionally ignored discovery requests.

Finally, the Government contended that alternative sanctions would be futile, as Lozano was proceeding in forma pauperis. However, the district court did not consider any lesser sanctions. Further, the record reflects that Lozano received a $4000 check during the proceedings, so it is not at all clear that monetary sanctions would have been futile.

Based on the foregoing, we vacate the judgment of forfeiture, as well as the entry of default, and remand for expansion of the record and further consideration of the Government's motion to strike. We express no opinion on the merits of the motion to strike, holding only that the record did not contain adequate support for the District Court's action. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*